### HANNEY v. WREN et al.

(Supreme Court, Appellate Division, Second Department. May 5, 1905.)

NEGLIGENCE—PLACING OF OBJECTS NEAR HIGHWAY—FRIGHTENING HORSE—
EVIDENCE—SUFFICIENCY.

In an action against school trustees for personal injuries caused by the
shying of plaintiff's horse from fright at certain stones alleged to have
been piled near the highway by direction of defendants, evidence *held* to
show no negligence on the part of defendants.

Appeal from Westchester County Court.

Action by Mary Hanney against John Wren and others, as trustees of School District No. 5 of the town of Ossining, Westchester county. From a judgment for plaintiff, and from an order denying a motion for a new trial, defendants appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, JENKS, and HOOKER, JJ.

Smith Lent, for appellants.
Pierre Reynolds, for respondent.

HIRSCHBERG, P. J. In this case the plaintiff has recovered a judgment against the defendants as trustees of School District No. 5 of the town of Ossining, in Westchester county, for personal injuries sustained by her on the night of August 11, 1903. She was then driving in the town on the Albany Post Road, and was thrown out of her wagon by the shying of her horse, which she attributes to the fact that some field stones were piled upon the highway on the edge of the schoolhouse line, and were left unlit and unguarded. The appeal presents several questions relating to the possible liability of the defendants in their corporate or representative capacity for the alleged negligence charged against them, but in the view which we take of the case these questions need not be determined, as we do not deem the plaintiff's evidence to fairly preponderate in establishing against the defendants the negligence alleged as the cause of the accident. The complaint alleges that at the time of the accident the defendants were engaged in making repairs to a wall running through the schoolhouse yard; that in the progress of the work they carelessly and negligently threw into the highway, nearly opposite the schoolhouse, a large number of stones, and piled them on the highway, causing an obstruction thereon, which they carelessly and negligently omitted to guard, protect, or light; and that her horse was frightened by the heap of stones, became unmanageable, and ran away, throwing her out, and inflicting the injuries of which she complains.

The plaintiff testified that she had driven in the morning of August 11, 1903, past the place where the accident occurred, and that there were no stones there then. It appears that the defendants had employed one of their number to do the work of repairing the wall, and that he had purchased some stones to be used in the work, which were to be delivered by the vendor. They had not been delivered as late as 4 o'clock in the afternoon, and must have

been piled by the vendor upon the highway at the edge of the schoolhouse fence some time between that hour and the hour of the plaintiff's mishap. They were distant from the traveled part of the highway. The night was dark. The plaintiff testified that she could not see them, and the conclusion essential to her right of recovery that the horse could or did see them was necessarily left by the evidence as wholly conjectural and inferential assumption. The accident was not caused by their presence as an obstruction upon the highway. In the absence of evidence tending to show that the defendants knew of their presence upon the highway as a fact, and in view of the undisputed proof that they were there during a space of time too short to charge the defendants with constructive knowledge, they cannot be charged with negligence in their corporate capacity.

It follows that the judgment and order should be reversed.

Judgment and order of the County Court of Westchester county reversed, and new trial ordered; costs to abide the event. All concur.